## Commonwealth v. Myers

*Frederick Lingle, District Attorney,* for Commonwealth.
*Morton Fromm,* for defendant.

BROWN, *P.J.,* April 9, 1980—This matter has been submitted to the court by agreement of counsel on the basis that the salient facts are all of the well-pleaded facts contained in defendant's petition. On February 10, 1979, defendant was charged by means of a citation by an officer of the Pennsylvania State Police with numerous violations under the Vehicle Code, 75 Pa.C.S.A. §101 et seq. That citation was filed with a district justice of the peace on February 12, 1979. A hearing was scheduled before the district justice on September 27, 1979. At that hearing, counsel appeared on behalf of the Commonwealth as well as defendant, and at which time defendant presented a motion to dismiss the charges for failure to have a speedy trial.

The scheduled hearing was not held and a ruling was not made by the district justice on the motion to

dismiss. Instead, counsel agreed that the issue regarding a speedy trial be submitted to the court of common pleas and that the district justice take no further action on the matter. This agreement was apparently based on the supposition that the hearing would consume several hours and that the issue regarding the failure to have a speedy trial within 180 days might be dispositive of the case. Subsequently on March 31, 1980, defendant presented to the court the within petition having a rule issued upon the Commonwealth to show cause why the charges should not be dismissed because of the failure to hold a trial within 180 days.

Neither party has seen fit to question the jurisdiction of the court to hear this matter in the context in which it has been presented. However, the court notes that no disposition has been had at the district justice level. Normally this court's jurisdiction to entertain such a matter attaches on the basis that a summary conviction appeal has been filed. In this case it is patent that no proceedings have been had before the district justice and the court upon its own initiative has serious reservations about the propriety of hearing this matter absent such jurisdiction. Even though the parties are in agreement regarding jurisdiction, it is a well settled principle of law that if a court does not have jurisdiction in a particular matter, the parties cannot by agreement confer that jursidiction upon the court.

Neither party has submitted any authority for this matter to be heard in the procedural posture in which it has been presented. If the court does assume jurisdiction, this obviously establishes a precedent for this type of proceeding whereby the court will decide an appeal before a conviction is ever had. Such policy seems to have some obvious undesirable ramifications. The foremost objection

to this type of proceeding is the undermining of the district justice system which is designed for the speedy resolution of matters. The mere fact that one or both parties may not be in agreement with the potential decision by a district justice or that the hearing before him will be lengthy offers no excuse for bypassing the district justice. The court knows of no legal reason why the district justice could not have decided the question raised by defendant and if defendant were dissatisfied with that resolution he then could file an appeal with this court. Accordingly, after considerable reflection the court will decline to rule on the issues presented by the parties with instructions that the matter be remanded to the district justice for a disposition in accordance with existing statutes and rules of criminal procedure.

The court notes in remanding this matter that Pa.R.Crim.P. 1100, upon which defendant has placed heavy reliance, by its specific provisions in Pa.R.Crim.P. 1100(a)(2), states: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." It is manifest that Pa.R.Crim.P. 1100 is applicable only to court cases which are clearly misdemeanors and felonies; the rule is not directly applicable to summary conviction appeals. Any questions regarding a deprivation of defendant's constitutional rights to a speedy trial must of course rest upon other considerations including matters relating to the justification for any delay. Because of the jurisdictional question disposing of the present appeal, these types of circumstances are not before the court for its consideration.

## ORDER

And now, April 9, 1980, based upon the foregoing memorandum, it is hereby ordered that the rule issued March 31, 1980 in these proceedings be dissolved and the requested relief be denied.